UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RALPH S. RODGERS, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-6305 |
| HOPKINS ENTERPRISES OF MS., LLC, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is Defendant Charles E. Hopkins, Sr.'s motion to dismiss for lack of personal jurisdiction.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of a motor vehicle collision in Orleans Parish, Louisiana.[2] On March 1, 2016, Plaintiff Ralph Rodgers was driving a van on the I-10 highway when his vehicle was allegedly struck from behind by a tractor-truck operated by Defendant Jarrett Mitchell.[3] Mr. Rodgers asserts that he suffered severe personal injuries and damage to his vehicle as a result of the collision.[4] Plaintiffs allege that Mitchell's vehicle was owned by

---

[1] R. Doc. 12.
[2] R. Doc. 1-1.
[3] *Id.* at 3 ¶ III.
[4] *Id.*

Defendant Charles Hopkins and/or Defendant Hopkins Enterprises of MS, LLC.[5] Plaintiffs further assert that Mitchell was acting within the course and scope of his employment with Charles Hopkins and/or Hopkins Enterprises at the time of the accident.[6]

On February 17, 2017, Mr. Rodgers and his wife Heather Rodgers filed a petition for damages in Louisiana state court.[7] On June 29, 2017, defendants removed this matter on the basis of diversity of citizenship.[8] Charles Hopkins now moves to dismiss the claims against him for lack of personal jurisdiction.[9]

## II.  LEGAL STANDARD

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks and citation omitted). A district court may exercise personal jurisdiction over a defendant if "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the

---

[5] *Id.*
[6] *Id.* at 5 ¶ VIII.
[7] *Id.* at 2.
[8] R. Doc. 1.
[9] R. Doc. 12.

exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

Because Louisiana's long-arm statute, La. R.S. 13:3201, extends jurisdiction to the limits of due process, the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements. *Dickson Mar. Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999). The exercise of personal jurisdiction over a foreign defendant satisfies due process when (1) "that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Revell*, 317 F.3d at 470 (internal quotation marks and citation omitted). "Sufficient minimum contacts will give rise to either specific or general jurisdiction." *Id.*

General jurisdiction will attach if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Specific jurisdiction "exists when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries

3

that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (internal quotation marks and citation omitted).

Plaintiff bears the burden of showing that personal jurisdiction exists, but need only present a *prima facie* case. *See Revell*, 317 F.3d at 469. When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). But the district court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp.*, 253 F.3d at 869.

## III. DISCUSSION

Charles Hopkins argues that the Court lacks personal jurisdiction because he has not engaged in minimum contacts with Louisiana.[10] Mr. Hopkins objected to personal jurisdiction in state court before removal.[11] The petition alleges that Mr. Hopkins is a resident of Mississippi.[12] Mr.

---

10   R. Doc. 12-2.
11   R. Doc. 1-1 at 37.
12   *Id.* at 2 ¶ I.

4

Hopkins attests that he has lived in Mississippi since 1969, his office is in Mississippi, and he has never operated a business or possessed real property in Louisiana.[13] The Court thus perceives no basis to exercise general jurisdiction over him.

The Court also lacks specific jurisdiction over Mr. Hopkins. Plaintiffs have not responded to the motion to dismiss, and they do not contest Mr. Hopkins's assertion that he has not purposefully directed his activities at the state of Louisiana. The petition connects Mr. Hopkins to the motor vehicle collision in two capacities: (i) as owner of the tractor-truck driven by Mitchell at the time of the accident and (ii) as Mitchell's alleged employer and/or as a member of Hopkins Enterprises, which employed Mitchell.[14]

Mr. Hopkins acknowledges that he owned the tractor-truck operated by Mitchell on March 1, 2016.[15] But he attests that, at the time of the accident, the vehicle was leased to Southern Aggregates Material Service, Inc., under a written lease agreement.[16] Mr. Hopkins further attests that Southern Aggregates is a Mississippi company and the lease agreement was

---

13 R. Doc. 12-4 at 2 ¶ 2-3.
14 R. Doc. 1-1 at 2 ¶ 1, 5 ¶ VIII.
15 R. Doc. 12-4 at 2 ¶ 7; R. Doc. 12-5.
16 R. Doc. 12-4 at 3 ¶ 8; R. Doc. 12-6. At the time of the accident, Southern Aggregates was in the process of being taken over by Hopkins Enterprises. *See* R. Doc. 12-3 at 15; R. Doc. 12-4 at 3 ¶ 11.

executed in Mississippi.[17] Mr. Hopkins's status as the owner of the tractor-truck does not indicate that he "purposefully directed [his] activities" at the state of Louisiana. *See Panda Brandywine Corp.*, 253 F.3d at 868.

Mr. Hopkins's relationship with Hopkins Enterprises and with Mitchell is similarly insufficient to establish specific jurisdiction. Mitchell testified that he was employed by Hopkins Enterprises at the time of the accident.[18] Mr. Hopkins is a member of Hopkins Enterprises, a Mississippi limited liability company.[19] But Mr. Hopkins attests that, at the time of the accident, he did not transact business in the state of Louisiana in his personal capacity, and he did not hire, contract with, or supervise Mitchell in his personal capacity.[20] Plaintiffs do not contest these assertions.

The petition does not allege, and there is no evidence to suggest, that Hopkins Enterprises is Mr. Hopkins's alter ego. *See In re Multiponics, Inc.*, 622 F.2d 709, 725 (5th Cir. 1980). Accordingly, Hopkins Enterprises' relationship with Mitchell and its contacts with Louisiana cannot be imputed to Mr. Hopkins in his personal capacity. *See Jackson v. Tanfoglio Giuseppe,*

---

[17] R. Doc. 12-4 at 3 ¶ 8.
[18] R. Doc. 12-3 at 14.
[19] R. Doc. 12-4 at 1 ¶ 1.
[20] *Id.* at 3-4.

6

*SRL*, 615 F.3d 579, 586-88 (5th Cir. 2010); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983).

Because plaintiffs offer no facts to indicate that Mr. Hopkins has established minimum contacts with the state of Louisiana, the Court lacks personal jurisdiction over him. Plaintiffs' claims against Mr. Hopkins must be dismissed.

**IV. CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED. Plaintiffs' claims against Charles E. Hopkins, Sr., are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

New Orleans, Louisiana, this __30th__ day of April, 2018.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE