UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RALPH S. RODGERS, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-6305 |
| HOPKINS ENTERPRISES OF MISSISSIPPI LLC, ET AL. | SECTION "R" (3) |

# ORDER AND REASONS

This is a negligence action in which plaintiffs Ralph Rodgers and Heather Rodgers pursue damages from defendants Jarrett Mitchell, Hopkins Enterprises of Mississippi, LLC, and National Liability and Fire Insurance Company, for injuries Ralph Rodgers allegedly sustained in a car accident on March 1, 2016. In anticipation of trial, defendants have objected to numerous exhibits.[1] The Court rules on these objections as set forth below.

## I. DEFENDANTS' OBJECTIONS[2]

### A. *Plaintiffs' Exhibit 3 – Certified Medical Records of Van Wormer Healthcare Clinic*

Defendants object to this exhibit on the grounds that it constitutes

---

[1] R. Doc. 57; R. Doc. 61.
[2] The parties included in their initial pretrial order a number of objections that they did not ultimately brief. *See* R. Doc. 35. The Court

hearsay and is cumulative of other evidence.[3]

Mr. Rodgers's medical records for his treatment at the Van Wormer Healthcare Clinic are admissible under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6); *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 272 (5th Cir. 1991) (noting that Rule 803(6) "provides a hearsay exception for records kept in the course of *any* regularly conducted business activity, which would include hospitals" (emphasis in original)). Plaintiffs have provided alongside this exhibit a certification of authenticity from a custodian at the Van Wormer Healthcare Clinic, which states that the records were prepared contemporaneously with Mr. Rodgers's treatment during the ordinary course of business. This exhibit therefore meets the requirements set by Federal Rules of Evidence 803(6) and 902(11), and is admissible. In addition, many of the statements in the exhibit are also admissible under Rule 803(4), which excepts from the hearsay rule statements that are made for purposes of medical diagnosis or treatment.

The Court also finds that this exhibit is not cumulative of any testimony

---

presumes that these objections have been resolved by the parties in accordance with the Court's Trial Preparation Order. *See* R. Doc. 48 at 2 (instructing the parties to "meet face-to-face to discuss any objections that they specified in the pretrial order," and then "file memoranda on any unresolved objections to exhibits").

3   R. Doc. 57 at 1-2.

Dr. Van Wormer may offer at trial, because the Court has ruled that Dr. Van Wormer may not testify as to his medical evaluation or treatment of Mr. Rodgers, including Mr. Rodgers's diagnosis or the cause of his injuries.[4]

OVERRULED.

B. *Plaintiffs' Exhibits 8 and 9 – Interrogatories, Requests for Production, and Requests for Admission*

Defendants object to these exhibits on the grounds that the information contained therein is irrelevant or otherwise precluded by Federal Rules of Evidence 403 and 404(b).[5]

Exhibits 8 and 9 contain interrogatories, requests for production, and requests for admission that plaintiffs served on defendants, as well as defendants' responses. Plaintiffs have not shown the relevance of these exhibits to the substantive disputed issues in the case, and their relevance is not apparent to the Court.

SUSTAINED.

C. *Plaintiffs' Exhibit 15 – Plaintiffs' Timeline of Events and Treatment*

Defendants object to this exhibit on the ground that it is not the best evidence of the information contained therein.[6]

---

4     R. Doc. 62 at 14-15.
5     R. Doc. 57 at 2-3.
6     *Id.* at 3-4.

Federal Rule of Evidence 1006 allows admission of a timeline or summary of events "when (1) the evidence previously admitted is voluminous, and (2) review by the jury would be inconvenient." *United States v. Chivers*, 488 F. App'x 782, 785 (5th Cir. 2012) (quoting *United States v. Bishop*, 264 F.3d 535, 546 (5th Cir. 2001)). The Fifth Circuit has explained that summaries "are admissible when (1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning use of the charts." *Id.*

Plaintiffs' timeline of Mr. Rodgers's medical treatment is based on the voluminous medical records that are included as separate exhibits. Jury review of these entire medical records would be inconvenient. Further, defendants are in possession of the primary evidence on which the timeline is based, and at trial defendants may examine the timeline's preparer or identify for the jury the alleged incompleteness of the exhibit. The Court will also, at the appropriate time, provide the jury with an instruction concerning their use of the timeline. This exhibit is therefore admissible under Federal Rule of Evidence 1006.

OVERRULED.

### D. Plaintiffs' Exhibits 18 – Vehicle Total Loss Damage Documentation

Defendants object to this evidence on the grounds that it constitutes inadmissible hearsay, is not properly authenticated, and is not relevant.[7]

Plaintiffs' documentation from their car repair servicer appears likely to fall under the business records exception to the hearsay rule, provided plaintiffs offer the proper evidentiary foundation. *See* Fed. R. Evid. 803(6). The exhibit is relevant because the damage to Mr. Rodgers's car could speak to the force of the automobile collision, and thus the degree of Mr. Rodgers's injuries. Accordingly, this objection is OVERRULED, pending proper authentication and foundation at trial.

### E. Plaintiffs' Demonstrative Exhibits – Pictures

Defendants object to two pages of plaintiffs' demonstrative exhibits, which contain pictorial representations of the surgical procedures Mr. Rodgers underwent, on the grounds that the probative value of the pictures is outweighed by their prejudicial effect.[8] *See* Fed. R. Evid. 403. Allowing the use of pictures as "pedagogical devices" to aid a party's case is "within the bounds of the trial court's discretion to control the presentation of evidence

---

7   *Id.* at 4.
8   R. Doc. 61 at 1-2; R. Doc. 61-1 at 2-3.

under [Federal Rule of Evidence] 611(a)." *United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006). But such demonstrative exhibits "are not admitted into evidence and should not go to the jury room absent consent of the parties." *Id.*

The Court finds that the probative value of these pictures outweighs any prejudicial effect they may have, and the pictures may be used as demonstrative exhibits to aid the jury in understanding Mr. Rodgers's surgical procedures. At trial the Court will instruct the jury that these pictures are not to be considered as evidence, and the pictures will not be allowed in the jury room absent defendants' consent.

OVERRULED.

F.  *Plaintiffs' Demonstrative Exhibits – Videos*

Defendants also object to plaintiffs' video exhibits depicting the surgical procedures, on the ground that these videos were untimely disclosed because plaintiffs had not yet furnished them when defendants filed their objections.[9] Plaintiffs were required under the Court's Trial Preparation Order to disclose the contents of their exhibits prior to the date on which defendants filed their objections.[10] Trial was continued shortly after

---

9  R. Doc. 61 at 2-3.
10  R. Doc. 48 at 2.

6

defendants filed their objections. If plaintiffs furnished the videos at any time before the previous trial date, there would be no prejudice to defendants for the untimely disclosure. If plaintiffs have still not the furnished videos, defendants may renew their objection to these exhibits at trial.

**II. CONCLUSION**

The Court rules on defendants' objections as indicated above.

New Orleans, Louisiana, this  5th  day of December, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE